IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HUBERT BEND, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:18-cv-593-MHT-WC |
| ) | |
| PATRICK PIZZELLA,[1] ) | |
| Acting Secretary of Labor, ) | |
| U.S. Department of Labor, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I.    INTRODUCTION**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4).  Plaintiff Hubert Bend, Jr. ("Bend" or "Plaintiff"), initiated this employment discrimination action on June 20, 2018.  In the Complaint (Doc. 1), Bend seeks relief for actions that occurred at his former employer, United States Department of Labor ("DOL"), in the Atlanta, Georgia. Doc. 1 at 2.  Pending before the court is Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer (Doc. 13), the memorandum in support (Doc. 14), and Plaintiff's Response (Doc. 18).

---

[1] Patrick Pizzella is now the Acting Secretary of Labor and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

Upon review of the complaint, the undersigned recommends that the motion to transfer venue is due to be granted and this case should be transferred to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1406.[2]

## II.   STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 Fed. App'x 863, 864 (11th Cir. 2008). Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. App'x 91, 93 (11th Cir. 2009) (internal citations and quotation omitted).

## III.   DISCUSSION

Pending before the court is Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer (Doc. 13) and the memorandum in support (Doc. 14), and Plaintiff's Response (Doc. 18).  In his motion, Defendant requests that this court "pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, [ . . . ] dismiss [this case] on grounds that the Plaintiff lacks subject matter jurisdiction, improper venue,

---

[2] This court has determined, as set forth below, that a transfer of venue is appropriate. Thus, the ruling on the motion to dismiss under Rules 12(b)(1) and 12(b)(6) is deferred for consideration by the Northern District of Georgia.

2

and failure to state a claim" or, in the alternative, transfer this case "to a proper venue in the Northern District of Georgia." Doc. 13 at 1. Plaintiff simply responded that he "followed the instructions/directions provided by the EEOC and its Administrative Process (See Exhibit B–1A). In this [sic] instructions/directions 'Proper Venue' is not addressed or indicated." Doc. 18 at 1–2.

Title VII of the Civil Rights Act of 1964's special venue provision provides, in relevant part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C.A. § 2000e–5(f)(3) (West). It is well-settled law in the Eleventh Circuit that this provision, rather than the general venue statute 28 U.S.C. § 1391, governs venue in Title VII actions. *See Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) ("Title VII claims are governed by § 2000e–5(f)(3), and these venue provisions set forth the exclusive venues for Title VII claims [. . .]"); *Kravec v. Chicago Pneumatic Tool Co.*, 579 F. Supp. 619, 622 (N.D. Ga. 1983) (The "general venue statute, 28 USC § 1391, did not provide an additional place of venue where the terms of § 2000e–5(f)(3) were not met," and, upon reviewing the "clear language of § 2000e–5(f)(3)," the court found that "the intent of

3

Congress to limit venue to the judicial districts concerned with the alleged discrimination seems clear."). Additionally, "the ADA incorporates the venue provisions of Title VII of the Civil Rights Act of 1964." *Blackmon v. Huntington Ingalls Inc.*, No. CA 15-00223-KD-C, 2015 WL 5458056, at *2 (S.D. Ala. Aug. 25, 2015), *report and recommendation adopted sub nom. Blackmon v. Huntington Ingalls*, No. CV 15-00223-KD-C, 2015 WL 5457995 (S.D. Ala. Sept. 16, 2015). The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff asserts claims under the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.* ("ADA") and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") alleging that he was discriminated against and his rights were violated under the ADA and the FMLA. Doc. 1 at 1. Plaintiff states that the location of the Defendant's principal office is Washington D.C. and that the alleged illegal activity took place at Defendant's "Atlanta Area Office, Atlanta Regional Office" facility. Doc. 1 at 1–2. Atlanta, Georgia, is located within the jurisdiction of the United States District Court for the Northern District of Georgia. Thus, the unlawful employment practices about which Bend complains occurred in the Northern District of Georgia. Additionally, the employment records relevant to such practice are maintained and administered within the Northern District of Georgia, and a majority of material witnesses and evidence associated with those claims relevant to Bend's allegations are located in the Northern District of

Georgia.  Therefore, it is clear from the face of the complaint that the proper venue for Plaintiff's ADA claim is the United States District Court for the Northern District of Georgia.

Furthermore, the Northern District of Georgia is also the proper venue for Plaintiff's FMLA claim.  Venue for the FMLA claim is governed by the general venue provision codified at 28 U.S.C. § 1391(b). *Herndon v. AJ Servs. Joint Venture I, LLP*, No. 1:15-CV-612-LMM-AJB, 2015 WL 13777023, at *5 (N.D. Ga. Dec. 1, 2015), *report and recommendation adopted*, 2016 WL 11545535 (N.D. Ga. Jan. 4, 2016) ("Because the FMLA does not provide any special venue requirements, venue in FMLA claims must be analyzed under 28 U.S.C. § 1391.") (citations omitted); *Freeman v. Koch Foods of Ala.*, 777 F. Supp. 2d 1264, 1269 (M.D. Ala. 2011) (applying the federal venue statute, section 1391(b), to a FMLA claim).  Pursuant to § 1391(b), venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The plaintiff carries the burden of showing that venue

is proper in the chosen forum once the defendant contests venue under Rule 12(b)(3). *Pritchett v. Paschall Truck Lines, Inc.*, 714 F. Supp. 2d 1171, 1174 (M.D. Ala. 2010).

When reviewing a challenge to venue, the court accepts the allegations of the complaint "as true, to the extent they are uncontroverted by defendants' affidavits." *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988); *see also Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012) (stating same). The court "may make factual findings necessary to resolve motions to dismiss for improper venue," so long as the resolution of the factual disputes is not an adjudication on the merits of the case. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). A court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). "Rule 12(b)(3) is a somewhat unique context of dismissal in which we consciously look beyond the mere allegations of a complaint, and, although we continue to favor the plaintiff's facts in the context of any actual evidentiary dispute, we do not view the allegations of the complaint as the exclusive basis for decision." *Estate of Myhra*, 695 F.3d at 1239.

Because "a substantial part of the events or omissions giving rise to the [FMLA] claim occurred" in Northern District of Georgia, "a judicial district in which [Defendant] resides," the court finds that venue is only proper therein. 28 U.S.C. § 1391(b).

Since the court finds that venue is proper in the Northern District of Georgia, the only question left for the court is whether to dismiss this action or have it transferred. Because this action was filed in the wrong venue, the court analyzes the question of

6

dismissal or transfer pursuant to 28 U.S.C. § 1406(a), which instructs that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

"[T]he decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion." *Roofing & Sheet Metal Servs., Inc., v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982). Furthermore, "transfers based on the interest of justice are favored over dismissal of actions." *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004). Based on the circumstances inhering in this case, the court finds that transfer of this case to the United States District Court for the Northern District of Georgia best serves the interest of justice. In particular, the court is persuaded by the following: 1) that Plaintiff's case is predicated, in part, on the ADA, which carries with it a requirement to file suit within ninety-days of receiving a right-to-sue letter from the EEOC and that this case was timely filed in this court over ninety days ago, and 2) that Defendant will not be prejudiced by a transfer and have moved, in the alternative, that "the case should be transferred to the Northern District of Georgia which is the proper venue under section 42 U.S.C. § 2000e-5(f)(3)." Doc. 12 at 7. In light of the foregoing, the court concludes that, in the interest of justice, this case should be transferred

to the United States District Court for the Northern District of Georgia for review and disposition.[3]

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1)  To the extent Defendant moves this court to dismiss this action under Rule 12(b)(3), that Defendant's *Motion to Dismiss or, in the Alternative, Motion to Transfer* (Doc. 13) is due to be DENIED;

(2)  To the extent Defendant moves this court, in the alternative, to transfer the action to the United States District Court for the Northern District of Georgia, that Defendant's *Motion to Dismiss or, in the Alternative, Motion to Transfer* (Doc. 13) is due to be GRANTED;

(3)  This case is due to be TRANSFERRED to the United States District Court for the Northern District of Georgia – Atlanta Division pursuant to 28 U.S.C. § 1406(a); and

(4)  To the extent the Defendant moves this court to dismiss this action under Rules 12(b)(1) and 12(b)(6), that Defendant's *Motion to Dismiss or, in the Alternative, Motion to Transfer* (Doc. 13) be deferred for consideration by the Northern District of Georgia.

---

[3] In transferring the instant case, this court makes no determination with respect to the merits of Bend's claims for relief.

It is further ORDERED that on or before **September 2, 2019**, Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of August 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE